# Gouldey's Estate.

*Trusts and trustees—Surcharge—Loss on mortgages.*

A trustee cannot be surcharged with a loss on mortgages where it appears that he had bought the mortgages from a guardian who was the president of a reputable trust company, after the guardianship had expired; that the trustee, a practical builder, took the mortgages only after he had examined the properties covered by the mortgages, and had satisfied himself that they were safe investments; that the builder of the houses, the real estate assessor and experts, testified that at the time the mortgages were purchased, the houses were ample to secure them; that for causes that could not have been foreseen the properties depreciated in value; that the properties were situated in Camden, which was practically a suburb of Philadelphia, where the trustee lived; and that the trustee in obedience to the clamors and insistence of the cestius que trust sold the properties which he had bought in under proceedings on the mortgage.

Argued Jan. 7, 1902.   Appeal, No. 138, Jan. T., 1901, by Elizabeth Cook, John Gouldey, Ida R. Summers, Union Trust Company as Committee of Mary C. Summers, Legatees, from decree O. C. Phila. Co., Jan. T., 1886, No. 156, sustaining ex-

ceptions to adjudication in Estate of Charles Gouldey, Deceased. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree sustaining exceptions to adjudication.

*William Gorman*, for appellants.

*Peter Boyd*, for appellee.

Per Curiam, February 24, 1902:

The accountant, whom the appellants would surcharge for the loss sustained on the three mortgages upon properties in the city of Camden, New Jersey, did all that a prudent man would have done when he purchased them. He had funds of the estate to invest, and it was his duty to invest them. Mr. Hipple, president of the Real Estate Trust Company, had taken these mortgages some time before in his capacity as guardian of some minors, and, as they had attained their majority, it was necessary for him to realize upon the investments. Having taken them in the first instance himself, as guardian, the presumption is that he had exercised prudence and care in doing so. He recommended them to the appellee as good mortgages, but they were not taken until the latter, a practical builder himself, had made a personal examination of the properties bound by them and had satisfied himself that they were safe investments. The man who built the houses, the real estate assessor and experts testified that at the time the mortgages were purchased the houses were ample to secure them. Surely the accountant cannot be charged with failing to do what a prudent man ought to have done under the circumstances, and no higher degree of prudence was required of him. From causes that could not have been foreseen when the mortgages were purchased, the properties depreciated in value, and the unfortunate loss is one that sometimes comes under the most prudent management of an estate. Camden, a thriving, pros-

perous city, being separated from Philadelphia by but the width of the Delaware river, there is no force in the contention of the appellants that the appellee ought to be surcharged because he invested the money outside the state. For business purposes Camden is practically a suburb of Philadelphia.

Nor does it lie in the mouths of the appellants to complain of the sale of the properties. The time for continuing the trust had passed, and that for the distribution of the estate had come. Clamoring for distribution and insisting that the accountant should sell the properties which he had bought in under proceedings on the mortgages, the appellants are now complaining that the appellee did just what they insisted he should do. Their complaint is ungracious, and manifest injustice would be done the accountant if he should be surcharged. The decree of the court below is affirmed, and this appeal dismissed at the cost of appellants.